[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about October 28, 1992, the plaintiff filed a small claim complaint seeking $2,000.00 damages against defendant. The complaint alleged that defendant:
 Improperly installed oil filter on my 1989 Isuzu pick up truck, which was serviced by CT Page 1875 Valvoline Instant Oil Change, 720A North Colony Road, Wallingford, Ct. on July 16, 1992. The oil filter was loosely installed, which directly resulted in the engine to run out of oil and seize up, on July 22, 1992, only six days after service. Claiming reimbursement costs for the replacement of a used engine, plus cost of labor.
On November 27, 1992, defendant moved that the matter be transferred to the regular docket. This motion was granted on January 6, 1993. On June 1, 1993, plaintiff filed a revised complaint in two counts. The first count was predicated on a breach of contract. Plaintiff asserted in this count that defendant loosely installed an oil filter in his car on July 16, 1992, causing his engine to run out of oil and seize up on July 22, 1992, requiring the installation of a replacement engine.
The second count was predicated on negligence. This count claimed that the defendant was negligent in one or more of the following ways, in that:
 a) improperly installed the oil filter, by not tightening it as required.
 b) it failed to inspect the installation after it was done to make sure it was properly installed.
 c) it allowed a person to install said oil filter who was not careful with said installation and/or was not properly instructed on how to install said oil filter.
Plaintiff also claimed that this negligence was the proximate cause of the damage to his engine.
Defendant filed an answer on June 9, 1993, denying both the allegations of negligence and any breach of contract.
Both parties disclosed proposed experts. On October 19, 1993, defendant disclosed Joseph Marquis and indicated that the substance of his testimony would be that the cause of loss of oil in a vehicle driven approximately 380 miles after the previous oil and filter change is a defect in the pressure regulating valve and not improper installation of the filter. CT Page 1876
On October 28, 1993, plaintiff disclosed William O'Keefe, Jr. and Herbert Chasse as his experts and indicated that they would be expected to testify that the cause of plaintiff's loss was the improper installation of the filter.
The court held a hearing on February 1, 1994.
The plaintiff testified as to the circumstances which transpired after his vehicle was serviced by defendant on July 16, 1992. (Plaintiff's A). He submitted into evidence a paid invoice dated August 10, 1992 for cost of replacing his engine with a used engine. (Plaintiff's B) The plaintiff offered the testimony of both of the experts he had disclosed. William O'Keefe was the service manager of the garage which replaced plaintiff's engine. After a technician removed the filter, he examined it and found that the corner of the O ring was lifted out of its seat but that the filter shell was not deformed. He concluded that the filter was not correctly installed in that it was not securely locked against the mounting plate, and this causes the oil loss which caused the engine to seize.
O'Keefe called in Herbert Chasse to examine the filter and the oil pump with particular attention to the pressure regulating valve which is an integral part of the pump. Chasse confirmed the disturbed position of the O ring and manually tested the oil regulating valve and found that it was not stuck. Chasse is fully certified as a master technician with extensive hands on and consulting experience. He testified that the filter shell was not deformed and that the cause of the oil loss and engine seizure was improper installation of the filter by defendant's agents in that the filter was not properly tightened against the mounting plate.
Both of plaintiff's experts were extensively cross-examined about over pressurization in the oil system resulting from a defective pressure regulating valve in the oil pump. Chasse contended, however, that when excessive pressure results from a faulty regulating valve it will cause a deformation of the filter which was absent in this case.
In addition to this detailed and technical cross-examination, the defendant offered independent testimony about its procedures (Exh. 1) and the opinion of its expert Joe Marquis, the owner of J M Auto Service. Marquis opined that the loss of oil and the resulting seizure resulted from a malfunctioning oil CT Page 1877 pressure regulating valve in plaintiff's oil pump and not from an improperly positioned oil filter.
After giving consideration to all this testimony, the court finds that the plaintiff's experts present the most likely synopsis of this interesting case. The court finds that the plaintiff has sustained his burden of proof by a fair preponderance of the evidence, that the defendant's actions in installing an oil filter improperly was the proximate cause of the damages sustained by plaintiff in the amount of $2,276.06. Judgment may enter for the plaintiff on both the first and second counts in the amount of $2,276.06 plus a reasonable attorney's fee which the court finds to be $340.00.
Dorsey, J. State Trial Referee